IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MALIBU MEDIA, LLC | CIVIL ACTION NO:<br>1:12 CV 04675 |
| Plaintiff | |
| v. | MOTION TO DISMISS COMPLAINT, SEVER DEFENDANTS AND MOTION TO QUASH SUBPOENA |
| JOHN DOES 1-14 | |
| Defendants | |

Now comes Defendant John Doe #6, and respectfully moves this Honorable Court for a dismissal or severance of this case, and a Motion to Quash Subpoena served on an internet service provider, hereinafter referred to as "ISP", seeking information about John Does 1-14.

1. Plaintiff, Malibu Media, LLC ("Malibu Media") filed a complaint on June 14, 2012 against 14 John Doe Defendants alleging copyright infringement.

2. Malibu Media filed a Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference on June 26, 2012.

3. The Order granting said Motion was signed on August 9, 2012 and entered on August 9, 2012. In its Motion Malibu Media sought leave to serve subpoenas on the Internet Service Providers ("ISPs") of the 14 John Doe Defendants seeking disclosure of each Defendant's name, address, telephone number, email address and Media Access Control number.

## INTRODUCTION

In order to reduce costs while filing lawsuits and in effect suing as many individuals as possible, Plaintiff's counsel, Paul J. Nicoletti, is using improper joinders in their mass lawsuits alleging copyright infringement through BitTorrent.

A number of decisions have been made in various states in regard to improper joinder lawsuits filed by Malibu Media, LLC. In the Order & Report & Recommendation, Case 2:11-cv-03995,

Plaintiff's counsel, Paul J. Nicoletti, is using improper joinders in their mass lawsuits alleging copyright infringement through BitTorrent.

A number of decisions have been made in various states in regard to improper joinder lawsuits filed by Malibu Media, LLC. In the Order & Report & Recommendation, Case 2:11-cv-03995, Honorable Judge Gary Brown on May 1, 2012, Document 39, Eastern District of New York, quoting the following excerpt:

1. That the complaints in *Malibu 26, Malibu 11, and Patrick Collins* be dismissed, *sua sponte*, and without prejudice, as to all defendants other than the individual designated as John Doe 1 in each action;
That the complaint in *K-Beech* be dismissed, *sua sponte*, and without prejudice, in its entirety; and
That plaintiffs and their counsel in all four actions be directed that any future actions of a similar nature in this district be filed as separate actions as against each John Doe defendant, so as to avoid unfair outcomes, improper joinder, and waste of judicial resources, and to ensure the proper payment of filing fees. *See, e.g., DIRECTV, Inc. v. Armellino*, 216 F.R.F. 240, 241 (E.D.N.Y. 2003) (Spatt J.) ("plaintiff is advised that all future claims of this nature must be instituted separately against individual defendants"), (*citing CSC Holdings Inc. v. Tack*, CV 00-3555 (E.D.N.Y. June 16, 2000) (Seybert, J.)).

In the Order & Report & Recommendation, Case 1:12-cv-00165-CMH-TRJ, Honorable Judge Thomas Rawles Jones, Jr, Eastern District of Virginia, Document 10, 4/3/2012, quoting the following excerpt:

Accordingly, the magistrate judge recommends that all but the first of the John Doe defendants in each of these matters be severed, and that plaintiffs then be permitted to serve discovery on these remaining defendants' internet service providers to learn their indentities.

In 2:12-cv-02084, Malibu Media v. John Does 1-14, Document 9 filed 06/05/12, a John Doe submitted a Declaration to Refute Information (Document 9) on the COMPLAINT (Document 1) against John Does 1-14 on 04/19/12, this document provides relevant information to this case regarding proper joinder, detailed explanation of BitTorrent and the utilization of unsecured Wi-Fi networks.

In similar cases to those filed by Malibu Media, LLC, K- Beech has also filed mass law suits in Pennsylvania, including a BitTorrent case nearly identical to this one. See K-Beech vs Does 1-78, case 5:11-cv-05060-BMD which has been dismissed by the Honorable Judge Berle M. Schiller against Does

2-78 on October 3, 2011. Judge Berle M. Schiller writes in dismissal of Does 2-78, case A 5:11-cv-05060-BMD, quoting the following excerpt:

> Number of courts have held that using BitTorrent to download the same copyrighted work does "not mean that each of the defendants were engaged in the same transaction or occurrence." *On the Cheap, LLC v. Does 1-5011*, Civ. A. No. 10-4472, 2011 WL 4018258, at Civ. A. No. 10-94 (N.D. W. Va. Dec. 16, 2010). Furthermore, the Court has "broad discretion" under Rule 21 to sever parties. *Cooper v. Fitzgerald*, 266 F.R.D.86, 88 (E.D. Pa. 2010) (quoting *Boyer v. Johnson Matthey, Inc.*, Civ. A. No. 02-8382, 2004 WL 835082, at *1 (E.D. Pa. Apr. 16, 2004)); *see also* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, . . . drop a party."); *BMG Music v. Does 1-203*, Civ. A.

Similar cases have also been dismissed, such as *CP Productions, Inc. v. Does 1-300 case 1:2010cv06255*, and in this case the court notes before dismissal, quoting the following excerpt:

> [I]f the unnamed defendants have in fact infringed any copyrights (something that this court will assume to be the case, given the Complaint's allegations that so state), each of those infringements was separate and apart from the others. No predicate has been shown for thus combining 300 separate actions on the cheap – if CP had sued the 300 claimed infringers separately for their discrete infringements, the filing fees alone would have aggregated $105,000 rather than $350.

Later, Judge Milton Shadur writes about Steel Hansmeier's abuse of the litigation system "in more than one way" with its "ill-considered" lawsuit, quoting the following excerpt:

> This Court has received still another motion by a "Doe" defendant to quash a subpoena in this ill-considered lawsuit filed by CP Productions, Inc. ("CP") against no fewer than 300 unidentified "Doe" defendants – this one seeking the nullification of a February 11, 2011 subpoena issued to Comcast Communications, LLC. This Court's February 24, 2011 memorandum opinion and order has already sounded the death knell for this action has abused the litigation system in more than one way. But because the aggrieved Doe defendants continue to come out of the woodwork, with motions to quash, indicating an unawareness of this Court's dismissal of this action, CP's counsel is ordered to appear in court on March 9, 2011 at 9:00 a.m. Counsel will be expected to discuss what steps should be take to apprise all of the targeted "Doe" defendants that they will not be subject to any further trouble or expense as a result of this ill-fated (as well as ill-considered) lawsuit.

*CP Productions, Inc. v. Does 1-300 case 1:2010cv06255 (dismissed ALL John Doe defendants)*

In another Steele Hansmeier BitTorrent case in Illinois, Judge Harold A. Baker writes in denying the motion for expedited discovery, quoting the following excerpt:

> Plainly stated, the court is concerned that the expedited *ex parte* discovery is a fishing expedition by means of a perversion of the purpose of and intent of Fed. R. Civ. P. 23.
> *VPR Internationale vs. Does 1-1017 case 2:2011cv02068*

In the Northern District of California, these nearly identical BitTorrent cases have been severed for improper joinder:

*Pacific Century International LTD v. Does 1-101 case 4:2011cv02533 (severed Does 2-101)*
*IO Group, Inc. v. Does 1-435 case 3:2010cv04382 (severed Does 2-435)*
*Diabolic Video Productions, Inc. v. Does 1-2099 case 5:2010cv05865 (severed Does 2-2099)*
*New Sensations, Inc. v. Does 1-1768 case 5:2010cv0584 (severed Does 2-1768)*

In yet another nearly identical BitTorrent case, filed in Northern District of California by Steele Hansmeier, *Millennium TGA, Inc. v. Does 1-21 case 3:2011cv02258*, Judge Samuel Conti found the same joinder problems, and wrote in his order denying request for leave to take early discovery, "This Court does not issue fishing licenses;" And these nearly identical BitTorrent cases in the Northern District of California by the same plaintiff Boy Racer, again represented by Steele Hansmeier, have been severed for improper joinder:

*Boy Racer, Inc. v. Does 1-52 case 5:2011cv02329 (severed Does 2-52)*
*Boy Racer, Inc. v. Does 1-71 case 5:2011cv01958 (severed Does 2-72)*

In a recent order (6 Sep. 2011) by Judge Bernard Zimmerman, Northern District of California, 5010 John Does were dismissed from *On The Cheap, LLC, v. Does 1-5011, case C10-4472 BZ*, due to improper joinder. Judge Zimmerman stated the following in his order, quoting the following excerpt:

> This Court does not condone copyright infringement and encourages settlement of genuie disputes. However, Plaintiff's desire to enforce its copyright in what it asserts is a cost-effective manner does not justify perverting the joinder rules to create the management and logistical problems discussed above and the to offer to settle with Doe defendants so they can avoid digging themselves out of the morass plaintiff is creating.

## ARGUMENT

Plaintiff Has Improperly Joined 14 Individual Defendants Based on Entirely Disparate Alleged Acts.

The Plaintiff's joinder of 14 Defendants in this single action is improper and runs the tremendous risk of creating unfairness and denying individual justice to those sued. Mass joinder of individuals has been disapproved by federal courts in both the RIAA cases and elsewhere. As one court noted, quoting the following excerpt:

Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by a minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiff's works. John Does 3 through 203 could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiff's property and depriving them, and their artists, of the royalties they are right owed. . . .Wholesale litigation of these claims in inappropriate, at least with respect to a vast majority (if not all) of Defendants.
*BMG Music v. Does 1-203, No. Civ. A. 04-650, 2004 WL 953888, at \*1 (E.D. Pa. Apr. 2, 2004)* (severing lawsuit involving 203 defendants).

Civil Rule 20 requires that, for parties to be joined in the same lawsuit, the claims against them must arise form a single transaction or a series of closely related transactions. Specifically:

Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.
Fed. R. Civ. P. 20.

Thus, multiple defendants may be joined in a single lawsuit only when three conditions are met: (1) the right to relief must be "asserted against them jointly, severally, or in the alternative"; (2) the claim must "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences"; and (3) there must be a common question of fact or law common to all the defendants". *Id.*

Joinder based on separate but similar behavior by individuals allegedly using the Internet to commit copyright infringement has been rejected by courts across the country. In *LaFace Records, LLC v. Does 1-38*, No. 5:07-CV-298-BR, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008), the court ordered severance of lawsuit against thirty-eight defendants where each defendant used the same ISP as well as some of the same peer-to-peer ("P2P") networks to allegedly commit the exact same violation of the law in exactly the same way. The court explained: "[M]erely committing the same type of violation in the same way does not link defendants together for the purposes of joinder." *LaFace Records*, 2008 WL 544992, at \*2. In *BMG Music v. Does 1-4*, No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at \*5-6 (N.D. Cal. July 31 2006), the court *sua sponte* severed multiple defendants in action where the only connection between them was the allegation they used the same ISP to conduct copyright infringement. See also *Interscope Records v. Does 1-25*, No. 6:04-cv-197-Orl-

22DAB, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004) (magistrate recommended *sua sponte* severance of multiple defendants in action where only connection between them was allegation they used same ISP and P2P network to conduct copyright infringement); *BMG Music v. Does 1-203*, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants); General Order, *In re Cases Filed by Recording Companies*, filed in *Fonovisa, Inc. et al. v. Does 1-41* (No. A-04-CA-550 LY), *Atlantic Recording Corporation, et al. v. Does 1-151* (No. A-04-CA-636 SS), *Elektra Entertainment Group, Inc. et al. v. Does 1-11* (No. A-04CA-703 LY); and *UMG Recordings, Inc. et al. v. Does 1-51* (No. A-04-CA-704 LY) (W.D. Tex. Nov. 17, 2004), RJN Ex. A, (dismissing without prejudice all but the first defendant in each of four lawsuits against a total of 254 defendants accused of unauthorized music file-sharing); Order Granting in Part and Denying in Part Plaintiffs' Miscellaneous Administrative Request for Leave to Take Discovery Prior to Rule 26 Conference, *Twentieth Century Fox Film Corp., et al. v. Does 1-12*, No. C-04-04862 (N.D. Cal Nov. 16, 2004) (in copyright infringement action against twelve defendants, permitting discovery as to first Doe defendant but staying case as to remaining Does until plaintiff could demonstrate proper joinder).

Plaintiff may argue that because BitTorrent protocol is unique in that it works by taking small fragments of a work from multiple people in order to assemble a copy, thus relating the defendants, but this is simply not true. Nearly all of the older protocols in the aforementioned cases work in this fashion. Kazzaa, eDonkey and various Gnutella clients (e.g., LimeWire) have incorporated multisource/swarming downloads since 2002.[1]

Plaintiff claims all of the Illinois Defendants are properly joined because they illegally downloaded/shared a specific set of Works via BitTorrent. Plaintiff provided the Court Exhibit A of Document 1 to their Motion for Leave to Serve Third Party Subpoenas Prior to A Rule 26(f) Conference, showing the IP addresses of the defendants and a specific "hit date (UTC)," it was observed illegally downloading/sharing the film. John Doe 3 (IP Address 24.15.146.157) was the first

---

[1] http:\\gondwanaland.com/mlog/2004/12/30/deployment-matters/

instance of downloading/sharing by defendants indentified by Plaintiff's agents on 3/16/2012 at 16:51 Coordinated Universal Time (UTC). The last instance of downloading/sharing identified by Plaintiff's agents was on 5/21/2012 at 19:12 UTC, by John Doe 14 (IP Address 208.54.80.249). Plaintiff incorrectly states the infringement was accomplished by the Defendants "acting in concert with each other." Exhibit A shows the time frame of the activity, but not which IP addresses acted in concert. The nature of BitTorrent does not support Plaintiff's claim that all John Doe IP addresses acted together for the entire period of approximately two months.

The nature of BitTorrent is that the work in question is first made available to other BitTorrent users by a small number, usually one IP address. As other BitTorrent users join and start to download/share the work, the swarm grows. Depending on how popular the work is, the swarm can grow fast, or not at all. Eventually as the popularity of the shared work drops, the swarm shrinks, and eventually disappears. IP addresses commonly join and leave various BitTorrent swarms at all times during the life of the torrent. Plaintiff's agent, IPP Limited, collected the data on John Doe IP addresses (Exhibit A of Document 1) and can verify the nature of BitTorrent, as well as provide details on who (if any) of the John Does IP addresses in this case truly shared the work between the other John Doe IP addresses in this case.

In the January 2011 Technical Report: *An Estimate of Infringing Use of the Internet*, by *Envisional*[2] *(a major company specializing in detecting and guarding against the threats of counterfeiting, piracy, fraud, and online brand abuse), the following was noted for the single day analysis of BitTorrent use:*

> For 2.72 Million torrents identified, only .2% had 100 or more downloaders. 2.6% of the torrents had 10-99 downloaders. 51.9% of the torrents had from one to nine downloaders. 45.2% had no active downloads. Envisional also noted that a similar spread of "seeders" (users with a complete copy of the work) were associated with the torrents. For 48.5% of torrents there

---

2  http:\\documents.envisional.com/docs/Envisional-Internet_Usage-Jan2011.pdf

were no seeders connected. (Page 9)

This report clearly shows the vast majority of torrents only had zero to nine downloaders associated with them and a very limited number of file seeders at any one instance.

Discussions of the technical details of the BitTorrent protocol aside, the individual Defendants still have no knowledge of each other, nor do they control how the protocol works, and Plaintiff has made no allegation that any copy of the work they downloaded came jointly from any of the Doe Defendants. Joining unrelated defendants in one lawsuit may make litigation less expensive for the Plaintiff by enabling it to avoid the separate filing fees required for individual cases and by enabling its counsel to avoid travel and/or other expenses, but that does not mean these well-established joinder principles need not be followed here.

## CONCLUSION

As a result of the forgoing, due to Plaintiff's willful and intentional violation of Federal Rules of Civil Procedure including joinder and discovery this Honorable Court should Quash Modify, or Vacate the subpoena approved by on 8/9/2012 for the Defendants John Does 2-14, in addition, John Does 2-14 should be SEVERED from this action and DISMISSED without prejudice from this case.
See Fed. R. Civ. P. 21.

*John Doe*
Defendant John Doe #6

lrayo@gmail.com
773-916-7559

Certificate of Service

A copy of the forgoing has been mailed to Paul J. Nicoletti, 36680 Woodward Ave., #100. Bloomfield Hills, MI 48304 on this  26th  day of  September , 2012.

Defendant John Doe #6