

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
Magistrate Judge Milton I. Shadur

Civil Action No. 1:12-cv-04675

**FILED**

OCT 0 9 2012

THOMAS G BRUTON
CLERK, U.S DISTRICT COURT

MALIBU MEDIA, LLC.

    Plaintiff,

v.

JOHN DOES 1-14,

    Defendants

# DEFENDANT JOHN DOE #11's MOTION TO QUASH SUBPOENA

I, John Doe #11 defendant, in the above styled cause, hereby files the following Motion to Quash Subpoena issued to Comcast Cable Communications, LLC. as set forth in the Memorandum in Support attached hereto.

Respectfully Submitted,

*John Doe #11*

John Doe #11

Pro se

Dated: October 3rd, 2012

## MEMORANDUM IN SUPPORT

## BACKGROUND

On September 10th, 2012 I received a letter from my ISP regarding a subpoena, which included a copy of the Court Order. From accounts of previous cases of this nature, these subpoena notifications are followed by demand letters. These letters -- which demand thousands of dollars to avoid dealing withtheir lawsuit -- and their phone calls, which are allegedly persistent, are the reason I am filing this motion, and for this reason, I respectfully request that I be allowed to do so without revealing my personally identifying information.

To cut court costs while suing as many individuals as possible, Plaintiff'scounsel is using improper joinders in their mass lawsuits alleging copyright infringement through BitTorrent. These lawsuits include thousands of defendants across the nation. Malibu Media, LLC have over 30 similar lawsuits in California, Virginia, Colorado, District of Colombia, Pennsylvania, and New York. In a BitTorrent case nearly identical to this one, *CP Productions, Inc. v. Does 1-300 case 1:2010cv06255, the court notes before dismissal:*

> If the 300 unnamed defendants have in fact infringed any copyrights (something that this court will assume to be the case, given the Complaint's allegations that so state), each of those infringements was separate and apart from the others. No predicate has been shown forthus combining 300 separate actions on the cheap -- if CP had sued the 300 claimed inlingers separately for their discrete infringements, the filing fees alone would have aggregated $105,000 rather than $350.

## STATEMENT OF FACTS

Defendant Doe #11 (hereinafter referred to as "Doe") received a letter from Comcast Cable Communications, LLC. (hereinafter referred to as "Comcast") indicating it had received a subpoena to divulge certain information regarding Doe. Doe contends that this subpoena is overbroad as it requests information that is unnecessary for Plaintiff to effect service. Doe contends plaintiff has improperly joined 14 individual defendants based on entirely disparate alleged acts. Doe contends that an IP address is not equitable to a person. Doe further contends this cause poses an undue burden and breaches due process.

Doe can verify appropriate standing to petition this court, proven via Exhibit A which includes a copy of the letter from Comcast (personal info redacted) and a copy of the subpoena. This should provide more than reasonable evidence that the Doe is a subscriber affected by the subpoena. Considering this motion is intended to block the disclosure of privileged personal information, Doe prays for some leeway with regards to Fed. R. Civ. P. 11 particularly those requiring the filer's phone number and email.

## LEGAL ARGUMENT

### 1) Plaintiff Has Improperly Joined 14 individual Defendants Based on Entirely Disparate Alleged Acts

The Plaintiff s joinder of 14 defendants in this single action is improper and runs the tremendous risk of creating unfairness and denying individual justice to

those sued. Mass joinder of individuals has been disapproved by federal courts in both the RIAA cases and elsewhere. As one court noted:

> Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and depriving them, and their artists, of the royalties they are rightly owed. . . . Wholesale litigation ofthese claims is inappropriate, at least with respect to a vast majority (if not all) of Defendants.

*BMG Music v.Does 1-203*, No.Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants).

Rule 20 requires that, for parties to be joined in the same lawsuit, the claims against them must arise from a single transaction or a series of closely related transactions. Specifically:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20. Thus, multiple defendants may be joined in a single lawsuit only when three conditions are met:

(1) The right to relief must be "asserted against them jointly, severally or in the alternative"; (2) the claim must "arise out of the same transaction, occurrence, or series of transactions or occurrences"; **and** (3) there must be a common question of fact or law common to all the defendants. *Id.*

Joinder based on separate but similar behavior by individuals allegedly usingthe Internet to commit copyright infringement has been rejected by courts across the country;

In *LaFace Records, LLC v. Does 1-38*, No. 5:07-CV-298-BR, 2008 W L544992 (E.D.N.C. Feb. 27, 2008), the court ordered severance of lawsuit against 38 defendants where each defendant used the same ISP as well as some of the same peer-to-peer ("P2P") networks to commit the exact same violation of the law in exactly the same way. The court explained: "Merely committing the same type of violation in the same way does not link defendants together for purposes of joinder." (*LaFace Records*, 2008 W L 544992, at *2).

In *BMG Music v. Does 1-4*, No.3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006), the court *suasponte* severed multiple defendants in action where the only connection between them was allegation they used same ISP to conduct copyright infringement.

See also *Interscope Records v. Docs 1-25*, No. 6:04-cv-197-Or1-22DAR,2004 U.S. Dist. LEXIS 27782 (M .D. Fla. Apr. 1, 2004) (magistrate recommended *suasponte* severance of multiple defendants in action where only connection betweenthem was allegation they used same ISP and P2P network to conduct copyrightinfringement); *BMG Music v. Does 1-203*, No.Civ.A. 04-650, 2004 W L 953888, at *1(E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants); General Order,*In re Cases Filed by Recording Companies*, filed in *Fonovisa, Inc. et al. v. Does 1-41* (No.A-04-CA-550 LY), *Atlantic Recording Corporation, et al. v. Does 1-151* (No.A-04-CA-636 SS), *Elektra Entertainment Group, Inc. et al. v. Does 1-11* (No.A-04-CA-703 LY); and *UMG Recordings, Inc., et al. v. Does 1-51* (No.A-04-CA-704 LY) (W.D.Tex. Nov. 17, 2004), RJN Ex. A, (dismissing without prejudice all but

first defendant in each of four lawsuits against a total of 254 defendants accused of unauthorized music file-sharing); Order Granting in Part and Denying in PartPlaintiffs' Miscellaneous Administrative Request for Leave to Take Discovery Priorto Rule 26 Conference, *Twentieth Century Fox Film Corp., et al., v. Does 1-12*, No. C-04-04862 (N.D. Cal Nov. 16, 2004) (in copyright infringement action against twelve defendants, permitting discovery as to first Doe defendant but staying case as to remaining Does until plaintiff could demonstrate proper joinder).

Plaintiff may argue that, unlike the RIAA cases, its allegations here are based upon use of the Internet to infringe a single work with a single "unique" hash. While that accurately describes the facts alleged in this case, it does not change the legal analysis. Whether the alleged infringement concerns a single copyrightedwork or many, it was committed by unrelated defendants, at different times and locations, sometimes using different services, and perhaps subject to different defenses. That attenuated relationship is not sufficient for joinder. *See BMG Music v. Does 7-203, 2004 W L 953888, at \*1.*

Nor does the analysis change because the BitTorrent protocol works by transferring copies of small fragments of a work from multiple people in order to assemble a completed work. Nearly all of the older protocols in the aforementioned cases work in this fashion. Kazaa, eDonkey and various Gnutella clients (e.g., LimeWire) have incorporated multisource/swarming downloads since 2002.

Discussions of the technical details of the BitTorrent protocol aside, the individual Defendants still have no knowledge of each other, nor do they control how the protocol works, and Plaintiff has made no credible allegations that any copy of the work they downloaded came jointly from any of the Doe defendants.

Joining unrelated defendants in one lawsuit may make litigation less expensive for Plaintiff by enabling it to avoid the separate filing fees required for individual cases and by enabling its counsel to avoid travel, but that does not mean these well-established joinder principles need not be followed here.

Because this improper joining of these Doe defendants into this one lawsuit raises serious questions of individual fairness and individual justice, the Court should sever the defendants and "drop" Does 2-27, from the case. *See* Fed. R. Civ. P. 21.

**2) The subpoena received by Comcast is overbroad, and Does are ambiguous.**

As explained in the Court's Order filed in the instant case, Plaintiff intends its Order be for the limited purpose of identifying these Doe Defendants. However, the subpoena received by Comcast and sent to Defendant requests "1) Name; 2) Present address; 3) Telephone numbers; 4) Email addresses; and 5) Media Access Control ("MAC") addresses." Plaintiff has gone beyond the limited purpose of identifying the Does by asking for items 3 through 5. In order to comply with the Court order, Comcast may provide more information than is necessary for Plaintiff to effect service. In order to effect service, all Plaintiff would need is Doe's name and address. The subpoena in the instant case does not have the narrow scope of the information sought. A narrow scope would be Plaintiff requesting just the names and addresses used to identify the user of the IP addresses on the date and time listed. Plaintiff requests significantly more information and therefore, this subpoena is overbroad. Further, the subpoena received by Comcast is overbroad in that there is no proof that the person whose information Plaintiff receives acted in any way to violate any copyright law. At

most, Plaintiff may be able to implicate an unknown computer somewhere in the geographic region of the offending IP, rather than a person.

**3) Internet Protocol ("IP") addresses do not qualify as personal information, capable of accurately identifying an individual.**

An IP address does not accurately identify a person. In *VPR Internationale vs. Does 1-1017* (No. 2:2011-cv-02068), Judge Harold A. Baker writes in an order denying expedited discovery:

> "Plainly stated, the court is concerned that the expedited ex parte discovery is a fishing expedition by means of a perversion of the purpose of and intent of Fed. R. Civ. P. 23."

From an opinion in his response to an interlocutory appeal (bold added for emphasis):

> "In this case, not a single one of the plaintiff's 1,017 potential adversaries has been identified. There is no adversarial process yet. Moreover, VPR ignores the fact that IP subscribers are not necessarily copyright infringers. Carolyn Thompson writes in an MSNBC article of a raid by federal agents on a home that was linked to downloaded child pornography. The identity and location of the subscriber were provided by the ISP. The desktop computer, iPhones, and iPads of the homeowner and his wife were seized in the raid. **Federal agents returned the equipment after determining that no one at the home had downloaded the illegal material. Agents eventually traced the downloads to a neighbor who had used multiple IP subscribers' Wi-Fi connections** (including a secure connection from the State University of New York). See Carolyn Thompson, Bizarre Pornography Raid Underscores Wi-Fi Privacy Risks (April 25, 2011).
>
> "The list of IP addresses attached to VPR'S complaint suggests, in at least some instances, a similar disconnect between IP subscriber

> and copyright infringer. The ISP's include a number of universities, such as Carnegie Mellon, Columbia, and the University of Minnesota, as well as corporations and utility companies. Where an IP address might actually identify an individual subscriber and address the correlation is still far from perfect, as illustrated in the MSNBC article. **The infringer might be the subscriber, someone in the subscriber's household, a visitor with a laptop, a neighbor, or someone parked on the street at any given moment."**
>
> VPR argues that, if served with a subpoena, the ISP's are required by law to notify each targeted subscriber and the Does may then move the court to quash the subpoenas. **The potential filing of a motion to quash is no reason to abandon the adversarial process.** As VPR points out, ex parte motions for expedited discovery have been granted in similar cases in other districts; among the thousands of Does in those cases, relatively few motions to quash have been filed. In at least one case, counsel has sought leave to amend the complaint to add more Doe defendants. See *Lightspeed Media Corp. v. Does 1 - 100*, Case No. 1:10-cv-05604, d/e 16 (N.D. Ill.) (seeking leave to add Does 101 - 1000 as defendants). In *Hard Drive Productions, Inc. v. Does 1 - 1000*, counsel sought leave to dismiss more than 100 Doe defendants, stating that some of the Does had "reached a mutually satisfactory resolution of their differences" with the plaintiff.

In questioning whether expedited discovery could be used to extort quick settlements, even from people who have done nothing wrong, Judge Baker states that:

> "(T)he embarrassment of public exposure might be too great, the legal system too daunting and expensive, for some to ask whether the plaintiff VPR has competent evidence to prove its case."

*VPR Internationale vs. Does 1-1017* (No. 2:2011-cv-02068)

### 4) Undue Burden

Pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iv) a subpoena shall be quashed or modified if it subjects a person to undue burden. Doe asserts being subject to an undue burden in being a target of this civil action, when there is a substantial likelihood that the plaintiff will be unable to establish that Doe was actually the person responsible for any files transferred at the times alleged, or that Doe copied, distributed, or otherwise infringed on a protected work owned by the plaintiff. Furthermore, the removal of Doe's cloak of anonymity will subject Doe to intrusive public scorn as an alleged unlawful copier of pornography.

### 5) Basic Fairness and Due Process

The Comcast Subpoena should also be quashed because it fails to sufficiently verify the validity of the information forming the basis of the request. The accuracy of the data is tenuous and unsubstantiated. Insufficient evidence has been produced for a prima facie demonstration that the investigation techniques of the plaintiff have any degree of accuracy in implicating this Doe in the alleged infringement. As it stands this Order violates due process by allowing the identified Defendant to be subjected to the Plaintiff's direct discovery and/or interrogatories without being formally served the complaint, the filling of responsive pleadings by the Defendants, or a Rule 26(f) conference between parties.

WHEREFORE, Defendant John Doe #11 respectfully prays the Court GRANTS Defendant's Motion to Quash Plaintiff's Subpoena to Comcast Cable Communications, LLC. Finally, Defendant respectfully prays the Court to grant Defendant such other relief as is just and equitable under the facts and circumstances of this cause. Respectfully submitted,

*John Doe #11*
John Doe #11
Pro Se

Dated: October 3rd, 2012

# CERTIFICATE OF SERVICE

I hereby certify that on 10/3/2012, I served a copy of the foregoing document via US Mail, on:

Paul J. Nicoletti
NICOLETTI & ASSOCIATES, PLLC
36880 Woodward Avenue, Suite 100
Bloomfield Hills, MI 48304

The Hon. Judge Milton I. Shadur
United States Courthouse, Chamber #2388
219 South Dearborn Street
Chicago, IL 60604

Office of the Clerk
United States Courthouse
219 South Dearborn Street
Chicago, IL 60604

And via Fax on:

Comcast Cable Communications, LLC
NE&TO
650 Centerton Road
Moorestown, NJ 08057
(866) 947-8572 Tel
(866) 947-5587 Fax

*John Doe #11*

John Doe #11

Pro se

Dated: October 3, 2012



NE&TO
650 Centerton Road
Moorestown, NJ 08057
866-947-8572 Tel
866-947-5587 Fax

September 7, 2012

*Personal and Confidential*

*Via UPS Delivery*

 

 

Re: *Malibu Media, LLC v. John Does 1-14*
United States District Court for the Northern District of Illinois
Docket No.: 1:12-cv-04675
Order Entered: August 9, 2012
Comcast File #: 411563

Dear

    Malibu Media, LLC has filed a federal lawsuit in the United States District Court for the Northern District of Illinois. You have been identified in our records via your assigned Internet Protocol ("IP") address, which is unique to each internet user, in this lawsuit for allegedly infringing Malibu Media, LLC's copyrights on the Internet by uploading or downloading a movie without permission. This was allegedly done using a device assigned the IP address 71.201.56.15 on 5/16/2012 2:27 GMT. The court has ordered Comcast to supply your name, address and other information to Malibu Media, LLC in the attached Order and accompanying Subpoena. The case has been assigned Docket Number 1:12-cv-04675 by the court. If you have any questions about the lawsuit, you should consult an attorney immediately. **Comcast cannot and will not provide any legal advice.**

    Comcast will provide your name, address and other information as directed in the Order unless you or your attorney files something with the Northern District of Illinois such as a motion to quash or vacate the Subpoena no later than October 8, 2012. Should you choose to contest the release of your information by filing legal process with the court, it must be filed in the same court where the lawsuit is filed. If you make this filing, you must notify Comcast in writing with a copy and proof of filing by sending it via fax to **(866) 947-5587** no later than October 8, 2012. **Please note that Comcast cannot accept or file any legal action on your behalf.** If you do not file a motion to quash or vacate the Subpoena by this date, or if you fail to notify Comcast of your filing by this date, Comcast will provide your name, address and other information as directed in the Order to the Plaintiff on the next business day after October 8, 2012.

    If you have legal questions about this matter, please contact an attorney.

                      Sincerely yours,

                      Comcast Legal Response Center

Attachments: Copy of Court Order and accompanying Subpoena regarding civil action

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the District of New Jersey

| Malibu Media, LLC  *Plaintiff*  v.  John Does 1 - 14,  *Defendants.* | Civil Action No. 1:12-cv-04675  UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS |
|---|---|

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Comcast Corporation
Legal Demands Center
650 Centerton Road
Moorestown, NJ 08057

[X] *Production*: YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

Please produce documents identifying the name, address, and telephone number of the defendant John Does listed in the below chart:

| Doe# | IP Address | Date/Time UTC |
|---|---|---|
| 1 | 24.12.219.196 | 5/13/2012 6:27 |
| 2 | 24.13.95.229 | 4/16/2012 12:31 |
| 3 | 24.15.146.157 | 3/16/2012 16:51 |
| 4 | 24.15.38.248 | 5/15/2012 10:03 |
| 5 | 67.162.7.17 | 5/17/2012 11:18 |
| 6 | 67.175.215.49 | 5/14/2012 20:03 |
| 7 | 67.176.179.153 | 4/5/2012 4:04 |
| 8 | 67.184.71.20 | 5/17/2012 2:11 |
| 9 | 69.245.234.177 | 3/31/2012 16:32 |

| 10 | 71.201.185.50 | 5/22/2012 8:07 |
| 11 | 71.201.56.15 | 5/16/2012 2:27 |
| 12 | 98.212.19.44 | 5/15/2012 1:02 |
| 13 | 98.227.44.36 | 5/21/2012 18:18 |

| Place: Law Offices of Nicoletti & Associates, LLC 36880 Woodward Avenue, Suite 100 Bloomfield Hills, MI 48304 | Date and Time: September 27, 2012 @ 9:30 a.m. |

[ ] *Inspection of Premises*: YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 8/27/12

CLERK OF COURT

_____      OR      _____
Signature of Clerk or Deputy Clerk         Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing Plaintiff, who issues or requests this subpoena, are:
Paul Nicoletti, Esq., Esq., Law Offices of Nicoletti & Associates, LLC, 36880 Woodward Avenue, Suite 100, Bloomfield Hills, MI 48304 - Telephone: (248) 203-7800, Email: pauljnicoletti@gmail.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**
**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information;
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**
**(1)** *Producing Documents or Electronically Stored Information.*
These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
**(2)** *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial preparation material must: (i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) **Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

MALIBU MEDIA, LLC, )
)
    Plaintiff, ) Civil Case No. 1:12-cv-04675
)
v. )
)
JOHN DOES 1-14, )
)
    Defendants. )
_____)

### ORDER ON PLAINTIFF'S AMENDED MOTION FOR LEAVE TO SERVE THIRD PARTY SUBPOENAS PRIOR TO A RULE 26(f) CONFERENCE

THIS CAUSE came before the Court upon Plaintiff's Amended Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference (the "Motion"), and the Court being duly advised in the premises does hereby:

FIND, ORDER AND ADJUDGE:

1. Plaintiff established that "good cause" exists for it to serve third party subpoenas on the Internet Service Providers listed on Exhibit A to the Motion (the "ISPs"). See UMG Recording, Inc. v. Doe, 2008 WL 4104214, *4 (N.D. Cal. 2008); and Arista Records LLC v. Does 1-19, 551 F. Supp. 2d 1, 6-7 (D.D.C. 2008).

2. Plaintiff may serve each of the ISPs with a Rule 45 subpoena commanding each ISP to provide Plaintiff with the true name, address, telephone number, e-mail address and Media Access Control ("MAC") address of the Defendant to whom the ISP assigned an IP address as set forth on Exhibit A to the Motion. Plaintiff shall attach to any such subpoena a copy of this Order.

1

3. Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of internet services to one of the Defendants.

4. Each of the ISPs that qualify as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

> the term "cable operator" means any person or group of persons
>
> (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or
>
> (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system.

shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

> A cable operator may disclose such [personal identifying] information if the disclosure is ... made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

by sending a copy of this Order to the Defendant.

5. The subpoenaed ISPs shall not require Plaintiff to pay a fee in advance of providing the subpoenaed information; nor shall the subpoenaed ISPs require Plaintiff to pay a fee for an IP address that is not controlled by such ISP, or for duplicate IP addresses that resolve to the same individual, or for an IP address that does not provide the name of a unique individual, or for the ISP's internal costs to notify its customers. If necessary, the Court shall resolve any disputes between the ISPs and Plaintiff regarding the reasonableness of the amount proposed to be charged by the ISP after the subpoenaed information is provided to Plaintiff.

6. If any particular Doe Defendant has been voluntarily dismissed then any motion filed by said Defendant objecting to the disclosure of his or her identifying information is hereby denied as moot. Notwithstanding the foregoing, the applicable ISP shall withhold the moving

Defendant's identifying information from Plaintiff unless and until Plaintiff obtains a subsequent court order authorizing the disclosure.

7. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on an ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

DONE AND ORDERED this 9th day of August, 2012.

By _____
UNITED STATES DISTRICT JUDGE

3